# IN THE COURT OF APPEALS OF IOWA

No. 23-0728
Filed November 21, 2023

**KEVIN JAMES DANIELS,**
    Plaintiff-Appellee,

**vs.**

**BRITTNEY JADE ARENDS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Grundy County, John J. Sullivan, Judge.

Brittney Arends appeals the order modifying the visitation provisions of the custody decree concerning two children she shares with Kevin Daniels. **AFFIRMED.**

Elizabeth M. Wayne, Parkersburg, for appellant.

Jordan M. Talsma of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., Waterloo, for appellee.

Considered by Tabor, P.J., and Chicchelly and Langholz, JJ.

**CHICCHELLY, Judge.**

Brittney Arends appeals the order modifying the visitation provisions of the custody decree concerning two children she shares with Kevin Daniels. She contends Kevin failed to show that a material change in circumstances warrants modifying visitation and that expanding his visits is in the children's best interests. She also challenges the denial of her request to modify summer visitation. Because the evidence supports expanding the children's visits with Kevin, we affirm the order modifying the custody decree to expand Kevin's visitation and deny Brittney's request. We also decline to award Brittney appellate attorney fees.

Brittney and Kevin were in a relationship from 2012 until 2017. They have two children: K.D., born in 2013, and I.D., born in 2015. Although the district court described their relationship as "toxic and tumultuous," they agreed to share joint legal custody of the children with Brittney acting as their physical caretaker. The district court incorporated their agreement into a January 2020 custody decree. But the parties could not agree to a visitation schedule; Kevin requested unsupervised weekend and midweek visits, while Brittney asked that the court require supervised visitation between Kevin and the children. Ultimately, the court granted Kevin unsupervised weekend visitation but denied him midweek visits because of the distance between residences and Kevin's second-shift work schedule. The court also granted Kevin two non-consecutive weeks of visitation with the children during the summer.

In June 2021, Brittney petitioned to modify the custody and visitation provisions of the decree based on the contentious nature of the parties' relationship. She asked the court to grant her sole legal custody of the children.

She also asked to eliminate summer visitation based on the recommendation of a counselor. In 2022, while the modification action was pending, Kevin's work schedule changed from second-shift to first-shift. On this basis, he petitioned to modify the visitation provisions of the custody decree.[1]

After a trial in February 2023, the district court granted Kevin's request for modification. The court modified the visitation provisions of the custody decree to begin Kevin's weekend visits at 4:30 p.m. on Friday and added weekly visits from 4:30 p.m. to 7:30 p.m. on Wednesday. It denied Brittney's petition to modify in its entirety.

Brittney appeals the order granting Kevin's request to modify visitation while denying hers. She contends Kevin failed to prove a material change in circumstances justifies modifying the visitation schedule and that the added visitation is not in the children's best interests. Brittney asks us to eliminate midweek visits and continue weekend visits as stated in the original decree. She also asks us to reduce or eliminate Kevin's summer visitation. In the alternative, Brittney asks us to grant her two non-consecutive weeks with the children in the summer uninterrupted by visitation with Kevin.

Because this action was tried in equity, our review is de novo. *See* Iowa R. App. P. 6.907. Although we are not bound by the district court's findings of fact, we give them weight. Iowa R. App. P. 6.904(3)(g). This is especially true when the findings concern witness credibility. *Id.*

---

[1] Kevin also sought to modify the provision of the decree allowing Brittney to home school the children and instead require that they attend public school. The district court denied the request, finding Kevin failed to show a material change in circumstances. Kevin does not appeal the denial of this request.

We begin by noting that "the best interests of children are ordinarily fostered by a continuing association with the noncustodial parent." *Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016) (citation omitted). For this reason, a parent seeking to modify child visitation has a lower burden of proof than a parent seeking to modify child custody. *Id.* The court can modify visitation if the petitioner shows "by a preponderance of evidence that there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children." *Id.* (citation omitted).

The change in Kevin's work schedule is a material change in circumstances that warrants modifying visitation. In denying Kevin's request for midweek visitation in the original decree, the court cited Kevin's work schedule. At that time, Kevin worked Monday through Friday from 1:30 p.m. until 10:00 p.m. With his new schedule, Kevin's shift begins at 5:00 a.m. and finishes at 1:30 p.m. The change provides ample time for a visit and transportation between the parties' residences before the children's bedtime. It also allows weekend visits to begin on Friday afternoon instead of Saturday morning.

Modifying the visitation schedule to allow midweek and expanded weekend visits serves the children's best interests. As the district court found, "The additional [visitation] will assist in fostering the children's continuing relationship with their father." Brittney makes the same argument against visitation that she made below. The district court dismissed her concerns about the children being upset during exchanges and having mosquito bites after a visit with Kevin, noting that neither is unusual. There is no credible evidence by which to find that the children's best interests are served by limiting their contact with Kevin.

Brittney challenges the denial of her request to eliminate Kevin's summer visitation. She claims that the children's counselor recommended eliminating summer visits. But as the district court noted, Brittney never presented any evidence supporting her claim. We agree that Brittney failed to show a material change of circumstances that warrants modifying summer visitation. We affirm the denial of her request to eliminate Kevin's summer visits and decline her alternate request for two weeks of uninterrupted time with the children in the summer.

Finally, Brittney requests an award of her appellate attorney fees. Iowa Code section 600B.26 (2022) allows us to award reasonable attorney fees to the prevailing party in a modification action. Because Brittney is not the prevailing party on appeal, we decline her request.

**AFFIRMED.**